The defendant appeals from an order of a District Court judge denying his motion to suppress evidence of an out-of-court identification made by an assault victim.[2] We affirm.
The defendant's appeal is controlled by our opinion issued today in Commonwealth v. Rivers, Mass. App. Ct., No. 16-P-1435, slip op. at 9-11 (April 10, 2018). The defendant here, like his codefendant in that appeal, contends "that the identification procedure employed by the police was impermissibly and unnecessarily suggestive, because the victim saw a police report naming the defendant as one of his assailants before the victim identified the defendant in the photo[graphic] array."[3] Id. at 9-10. As we explain in Rivers, supra at 10-11:
"The argument is fundamentally flawed. First, the victim's ability to recognize the defendant's picture in the photo array was not influenced by the report; indeed, the victim was very familiar with the defendant before the attack.[4 ] Moreover, the police report cited by the defendant as the source of the alleged suggestiveness did not include an image of the defendant, and therefore could not have been the source of the victim's ability to recognize the defendant's photograph as an image of the defendant.
"The defendant's claim amounts, in substance, to a contention that the victim's assertion that the defendant was among his assailants was a product of the victim's review of a police report naming the defendant among the alleged assailants. As such, the claim is not that the report influenced the victim's ability to spot the defendant's picture in the array of possible attackers, but that it influenced his memory of who had attacked him. In the circumstances, the motion judge did not err in concluding that the possibility of such influence did not make the procedure 'so unnecessarily suggestive and conducive to irreparable misidentification that its admission would deprive the defendant of his right to due process.' [ Commonwealth v.] Johnson, [473 Mass. 594,] 597 [ (2016), quoting from Commonwealth v. Walker, 460 Mass. 590, 599 (2011) ]. The matter is an appropriate topic for cross-examination at trial, and ultimately goes to the weight of the victim's testimony, not its admissibility. The motion to suppress the identification was properly denied."
The same reasoning applies to the defendant here.
Order denying motion to suppress identification affirmed.

A single justice of the Supreme Judicial Court allowed the defendant's motion to take an interlocutory appeal. See Mass.R.Crim.P. 15(a)(2), as appearing in 474 Mass. 1501 (2016).

Similarly, the defendant here points to the fact that, in his initial statement to police, the victim did not name the defendant as one of his attackers.

As found by the motion judge, the victim had seen the defendant here "more than a hundred times" before the incident, knew they played on the same high school lacrosse team in different years, had a conversation with him earlier in the evening about their fathers playing golf together, and saw the defendant's face during the fight.